UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFTON C. WILLIAMS IV,                                                    Plaintiff,

v.                                          Civil Action No. 3:18-cv-226-DJH

HAROLD GLASS *et al.*,                                                 Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Clifton C. Williams IV filed the instant *pro se* action.[1] This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. Plaintiff names the following two Defendants: Harold Glass, the "Owner/Manager" of Stormy Realty; and the "Jefferson County Sheriffs" identifying the job or title "Compliance Officer (eviction)." Where the complaint form asks the filer to state the basis for this Court's jurisdiction, Plaintiff checked the box for federal-question jurisdiction. In the portion of the form where the filer is to list the specific federal statutes or constitutional provisions at issue, Plaintiff states, "That the Defendant did not follow specific procedure for pursuiant to (PTFA) 2009/as well improper consideration for persons with disabilities." Plaintiff did not check the box for diversity-of-citizenship jurisdiction. However, in the "Amount in Controversy" section of the

---

[1] The complaint also listed Kelly L. Joyce as a Plaintiff. However, by prior Order, Joyce was terminated as a party to this action (DN 5).

form, he states, "Said eviction also included, illegal removal of said Plaintiff property (2015 Nissan Versa) household furniture 29,500 roughly."

As his statement of the claim, Plaintiff states the following:

> Said Defendant was informed of a vehicle that was left on the property 2801 Preston Hwy #2 in a back parking area the defendant did not notify any resident of his decision the vehicle to be towed. Then the eviction process was performed, however upon ceasing the property not a notice was delivered by the sheriff's office, the defendant entered the dwelling prior to any representative present from the sheriffs department. No tresspassing notice was not issued and the plaintiff's personal property was not cordin off or properly labeled by the Jefferson County Sheriffs office and said plaintiff lost signifigantly [sic] most of said possesions.

In the "Relief" section of the complaint form, Plaintiff states, "Mr. Glass refused to make any accommodations for the plaintiff's mental disabilities. Never notified tenants as to entry into said dwelling and because of this lack of procedure the plaintiff lost all of their personal belongings."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

**A. PTFA**

As the basis for this Court's jurisdiction, Plaintiff points to the PTFA. The Court presumes that Plaintiff is referring to the Protecting Tenants at Foreclosure Act of 2009. "Congress enacted the PTFA as a temporary measure during the mortgage foreclosure crisis. The PTFA protects tenants who reside in properties that are subject to foreclosure by imposing certain obligations on successors in interest to foreclosed properties." *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014). "The PTFA requires successors in interest to provide bona fide tenants with 90 days' notice to vacate and to allow bona fide tenants to occupy the premises until the end of their lease term unless certain conditions are met." *Id.*

Plaintiff fails to allege how the PTFA applies to his claim or that he was evicted because he resided in a property that was subject to foreclosure. In any event, the PTFA expired on December 31, 2014. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration); *Maggiore v. Leonard*, No. 5:16-cv-340, 2016 U.S. Dist. LEXIS 58039, at *4 (N.D. Ohio May 2, 2016) (citing *Fairview Tasman LLC v. Young*, No. 15-CV-05493-LHK, 2016 U.S. Dist. LEXIS 5653, at *5 (N.D. Cal. Jan. 18, 2016) (finding that party could not assert claims under PTFA where alleged violations occurred after the Act's expiration)). While Plaintiff does not state the date the alleged events occurred, the Court presumes that Plaintiff's eviction occurred after December 31, 2014, which was more than three years before he filed the instant complaint on April 11, 2018.

Moreover, even if the alleged events occurred before the statute expired, the Sixth Circuit has held that the PTFA does not create a private right of action. *Mik*, 743 F.3d at 160 ("We hold that the PTFA does not provide an express or implied private right of action."). Therefore, Plaintiff has failed to state federal cause of action under the PTFA even if it were in effect. *See Maggiore*, 2016 U.S. Dist. LEXIS 58039, at *4 (citing *McCoy v. Deutsche Bank Nat'l Trust Co.*, No. 15-CV-00613-RBJ-KLM, 2016 U.S. Dist. LEXIS 33290, at *20 (D. Colo. Feb. 23, 2016), report and recommendation adopted, No. 15-CV-00613-RBJ-KLM, 2016 U.S. Dist. LEXIS 33288 (D. Colo. Mar. 15, 2016) (dismissing federal claim under the PTFA)).

Therefore, Plaintiff's claims under the PTFA must be dismissed for failure to state a claim upon which relief may be granted.

**B. Due process**

Plaintiff alleges that his personal property was lost because of a "lack of procedure[.]" The Court could construe the claim as alleging a violation of the Fourteenth Amendment's Due

Process Clause. A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). A claim under § 1983 must allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff identifies Defendant Glass as the owner and manager of a realty company. It is evident that Defendant Glass is not a state actor. Moreover, Plaintiff fails to show that Defendant Glass acted under color of law so as to be liable under § 1983. *See Thompson v. Wells Fargo Inc.*, No. 2:08-cv-01227-RCJ-GWF, 2009 U.S. Dist. LEXIS 73247, at *3 (D. Nev. Aug. 18, 2009) (dismissing § 1983 claim against a bank, realty company, and realty company employee for loss of personal property due to defendants' failure to follow state eviction law). Therefore, a § 1983 claim against Defendant Glass must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff could bring a § 1983 claim against the Jefferson County Sheriff's Office Compliance Officer. However, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The Sixth Circuit held that "[i]n

§ 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985); *Johnson v. Marcum*, No. :13-CV-87, 2014 U.S. Dist. LEXIS 162999, at *9 (W.D. Ky. Nov. 14, 2014) (dismissing due process claim against sheriff based on loss of personal property following an eviction).

Therefore, a claim for violation of the Due Process Clause against the Jefferson County Sheriff's Office Compliance Officer must also be dismissed for failure to state a claim upon which relief may be granted.

**C. Mental disabilities**

Plaintiff also alleges that Defendants showed "improper consideration" and/or did not make accommodations for his "mental disabilities." However, he fails to specify the nature of his mental disabilities or to state why or how Defendants should have accommodated any mental disabilities with regard to his eviction and loss of personal property. The Court finds that the allegations, without a more specific factual basis, are too conclusory to state a claim for relief. *Iqbal*, 556 U.S. at 678.

For the foregoing reasons, the complaint will be dismissed by separate Order.

Date:  September 25, 2018

                                                    **David J. Hale, Judge**
cc:    Plaintiffs, *pro se*                                  **United States District Court**
       Counsel of record
       Defendant Glass
4415.010